**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-35336 |
| Plaintiff - Appellee, | D.C. No. 3:05-cr-00024-JWS |
| v. | |
| PETRO SNEGIREV, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted July 27, 2010
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

Petro Snegirev appeals the district court's denial of his motion under 28

U.S.C. § 2255 to vacate his sentence for the sale and possession of

methamphetamine. Snegirev claims he was denied his Sixth Amendment right to

effective counsel because his trial counsel failed to challenge Drug Enforcement

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Agency ("DEA") evidence of drug purity and raise certain defenses. We review a motion to vacate under § 2255 de novo. *See United States v. Guess*, 203 F.3d 1143, 1145 (9th Cir. 2000).

Snegirev cannot demonstrate that he was prejudiced by his lawyer's failure to challenge DEA evidence of drug purity at trial because drug purity was not at issue during the guilt phase. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Rather, the issue at trial was whether he sold and possessed methamphetamine at all. Snegirev has never suggested he sold and possessed something other than methamphetamine.

Snegirev also cannot demonstrate that counsel's failure to raise certain defenses prejudiced him. *See id.* An entrapment defense would have failed because Snegirev was predisposed to sell drugs. *See United States v. Sandoval-Mendoza*, 472 F.3d 645, 648-50 (9th Cir. 2006). A defense that Snegirev did not intend to sell the drugs found in his possession would have not succeeded because he possessed an amount of methamphetamine well in excess of what is consistent with personal use. *See United States v. Johnson*, 357 F.3d 980, 984 & n.11 (9th Cir. 2004). His brief provides no argument in support of the assertion that his lawyer should have sought to dismiss the indictment on the basis of outrageous

government conduct. *See Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923 (9th Cir. 1988).

**AFFIRMED**.